[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12586
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 27, 2010
JOHN LEY
ACTING CLERK

Agency Nos. A078-612-794,
A078-612-795

HUMBERTO RAFAEL MASTRODOMENICO-ARAUJO,
DUBIS DEL SOCORR GUARDIOLA DE MASTRODOMENICO,
HUMBERTO ANTONIO MASTRODOMENICO-GUARDIOLA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 27, 2010)

Before MARCUS, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Humberto Rafael Mastrodomenico-Araujo, a native and citizen of Colombia, petitions for review of the decision of the Board of Immigration Appeals that denied his application for asylum and withholding of removal under the Immigration and Nationality Act. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). The Board concluded that Mastrodomenico failed to establish past persecution or a well-founded fear of future persecution if he returns to Colombia. We deny Mastrodomenico's petition.

Mastrodomenico testified about several incidents with the National Liberation Party, but substantial evidence supports the finding of the Board that the incidents, even when considered cumulatively, do not rise to the level of past persecution. See Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1353 (11th Cir. 2009). Mastrodomenico, a member of the Atlantic Cattle Association, received an unspecified number of "messages" from the National Liberation Party demanding cattle and money, and later Mastrodomenico's wife received a telephone call inquiring about Mastrodomenico's location, but these incidents constitute harassment, not persecution. See Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1237–38 (11th Cir. 2006); Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005). Although Mastrodomenico testified he was kidnapped at a guerrilla checkpoint, chained to a tree for six hours, and beaten with knees and the butts of rifles when he refused to name other members of the Cattle Association or

2

potential recruits, Mastrodomenico testified that he recovered from his minor injuries after he saw a psychiatrist and used anti-inflammatory medication prescribed by another doctor.  See  Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1174 (11th Cir. 2008); Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1290–91 (11th Cir. 2006).

Although Mastrodomenico argues that he suffered persecution "because of his opinion and in part because of his social group," substantial evidence supports the finding of the Board that the incidents of alleged persecution were not attributable to a protected ground.  Mastrodomenico testified that the National Liberation Party sought supplies and information about recruits to further their cause.  Evidence that Mastrodomenico was harassed because he refused to cooperate with the guerrillas "does not constitute evidence of persecution based on a statutorily protected ground."  Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006).

Substantial evidence also supports the finding that Mastrodomenico does not have a well-founded fear of future persecution.  Although Mastrodomenico and his family fled to the United States after his kidnapping, Mastrodomenico's wife and children later returned to Colombia.  Mastrodomenico asserts that the National Liberation Party has a pattern of persecution against persons who are similarly situated, but Mastrodomenico does not identify any similarly situated person who

has been persecuted.  Mastrodomenico withdrew from the Cattle Association and the record does not compel a conclusion that the National Liberation Party "retains an inclination to single [him] out." Sepulveda, 401 F.3d at 1231–32.

Mastrodomenico's petition is **DENIED**.